## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRANSAMERICA RETIREMENT SOLUTIONS LLC, | ) ) ) | Case No. 1:25-cv-988 |
| Plaintiff, | ) ) | Judge John Robert Blakey |
| v. | ) ) | |
| RUTH E. GOLDWATER MCCOY and ALEXIS MCCOY FORSYTHE, | ) ) ) ) | |
| Defendants. | ) | |

### TRANSAMERICA RETIREMENT SOLUTIONS LLC'S
### AGREED MOTION FOR FINAL JUDGMENT ORDER IN INTERPLEADER

Plaintiff Transamerica Retirement Solutions LLC ("Transamerica"), by its attorneys, Julie F. Wall and Kaitlyn E. Luther of Chittenden, Murday & Novotny LLC, states as follows for its Agreed Motion for Final Judgment Order in Interpleader:

1.      On January 29, 2025, Transamerica Retirement Solutions LLC ("Transamerica") filed its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) to resolve competing claims to the proceeds of the 403(b) fixed annuity retirement plan account of James J. McCoy, designated Account No. xxxx4113 (the "Account").

2.      The Defendants to the Complaint for Interpleader are Ruth E. Goldwater McCoy and Alexis McCoy Forsythe.

3.      In the Complaint for Interpleader, Transamerica proposed that it hold the Account's proceeds because the Account's value continued to fluctuate with the market and due to a concern that, once the proceeds are distributed out of the Account, they cease to be Plan assets, and such distribution would be deemed a taxable distribution under the Internal Revenue Code such that the

ultimate recipient of all or part of the Account could incur adverse tax consequences. Transamerica further proposed:

    a. That Transamerica be permitted to retain physical custody of the Account due to its continuing market fluctuations and to avoid possible adverse tax consequences for the ultimate recipient(s);

    b. That Transamerica would continue to maintain the Account assets in the same investments as they were in on the date of James J. McCoy's death, subject to further order of the Court; and

    c. That Transamerica would deposit the Account's proceeds with the Registry of the Court or pay the Account's proceeds at the Court's direction upon further order of the Court once the competing claims are resolved.

4.      Defendants waived service and appeared. (ECF Doc. Nos. 6, 7, 9, 10, 11).

5.      Defendants have filed motions for extension of time to file their answers, which this Court has granted. (ECF Doc. Nos. 12, 14, 15, 17, 18, 19, 21).

6.      Defendants have not filed counterclaims against Transamerica. Defendants have not filed crossclaims against each other.

7.      Defendants agree that Transamerica should be awarded $5,000.00, representing a portion of its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, to be deducted from the Account.

8.      Defendants settled their dispute and agreed to divide the remainder of the Account funds between each other.

9.      Defendants have agreed to the relief sought in this Agreed Motion for Final Judgment Order in Interpleader.

10.     The Parties agree to divide the Account funds as follows:

    a.  $5,000.00 shall be retained by Transamerica Retirement Solutions LLC;

    b.  $50,000.00 shall be disbursed according to the instructions provided by Ruth E. Goldwater McCoy to Transamerica on Transamerica's Survivor Benefits Request form; and

    c.  The remainder of the Account shall be disbursed according to the instructions provided by Alexis McCoy Forsythe to Transamerica on Transamerica's Survivor Benefits Request form.

11.     This Court has jurisdiction over the subject matter of this cause and over the parties.

12.     This cause meets the jurisdictional requirements for an interpleader under Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, and the Defendants are of diverse citizenship from Transamerica.

13.     Transamerica has done all that is required by law to perfect its interpleader action.

14.     Transamerica has a real and reasonable fear of multiple liability that is more than minimal. *See Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). "Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Id.* (describing elements of an interpleader action under both Rule 22 and Section 1335) (citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984)). "Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Id.*

15.     In its Complaint for Interpleader, Transamerica alleged that James J. McCoy named his daughter, Alexis I. McCoy (also known as Alexis McCoy, Alexis Forsythe, and Alexis McCoy Forsythe), the primary beneficiary of the Account. (ECF Doc. No. 1, ¶¶11, 15). Transamerica also

alleged that Ruth E. Goldwater McCoy claimed 50% of the vested balance of the Account and requested that Transamerica refrain from distributing any Account funds until it paid her 50% of the Account. (ECF Doc. No. 1, ¶16). Transamerica also alleged that it provided information to Ruth E. Goldwater McCoy regarding the Account, but that she advised Transamerica that she was maintaining her claim. (ECF Doc. No. 1, ¶¶ 17-19). Transamerica also alleged that Alexis McCoy Forsythe advised Transamerica that she did not believe Ruth E. Goldwater McCoy was entitled to 50% of the Account. (ECF Doc. No. 1, ¶20). Accordingly, Transamerica has established that there are competing claims and that a real and reasonable fear of multiple liability exists.

16.     Transamerica has properly served a copy of this Agreed Motion for Final Judgment Order in Interpleader on Defendants.

17.     A proposed order granting the requested relief is submitted pursuant to the Court's standing order and applicable local rules regarding proposed orders.

**WHEREFORE**, Transamerica Retirement Solutions LLC prays this Honorable Court enter an order or orders granting it the following relief:

A. Enjoining Ruth E. Goldwater McCoy and Alexis McCoy Forsythe, and any person or entity claiming by or through either of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Transamerica Retirement Solutions LLC in any state or federal court or other forum with respect to proceeds payable under the Macneal Memorial Hospital Fixed Annuity Retirement Plan from Account No. xxxx4113, or on account of the death of James. J. McCoy, and that said injunction issue without bond or surety;

4

B.  Granting judgment to Transamerica Retirement Solutions LLC with the finding that it has no further liability to Ruth E. Goldwater McCoy or Alexis McCoy Forsythe, or to any person or entity claiming by or through either of them, for the proceeds payable under the Macneal Memorial Hospital Fixed Annuity Retirement Plan from Account No. xxxx4113 or on account of the death of James J. McCoy;

C.  Entering an Order finding that Transamerica Retirement Solutions LLC has acted in good faith by interpleading the proceeds of Account No. xxxx4113 and holding the assets of Account No. xxxx4113 in a constructive deposit as described in the Complaint for Interpleader;

D.  Permitting Transamerica Retirement Solutions LLC to include the complete financial account number for Account No. xxxx4113 in its Agreed Final Judgment Order in Interpleader, as included in the proposed Agreed Final Judgment Order in Interpleader emailed to the Court, and as allowed under Fed. R. Civ. P. 5.2 upon court order;

E.  Ordering Transamerica to disburse funds from the Account as follows:

   a.  $5,000.00 shall be retained by Transamerica Retirement Solutions LLC;

   b.  $50,000.00 shall be disbursed according to the instructions provided by Ruth E. Goldwater McCoy to Transamerica on Transamerica's Survivor Benefits Request form, with a complete and executed form to be provided by Ruth E. Goldwater McCoy to Transamerica within 21 days of the entry of the order; and

   c.  The remainder of the Account shall be disbursed according to the instructions provided by Alexis McCoy Forsythe to Transamerica on Transamerica's Survivor Benefits Request form, with a complete and

executed form to be provided by Alexis McCoy Forsythe to Transamerica within 21 days of the entry of the order;

F. Dismissing this action with prejudice after entry of the Agreed Order submitted herewith.

Dated: July 3, 2025.                                    Respectfully submitted,

                                                       TRANSAMERICA RETIREMENT SOLUTIONS
                                                       LLC

                                                       By: */s/ Kaitlyn E. Luther*
                                                              One of its attorneys

Julie F. Wall
Kaitlyn E. Luther
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)
jwall@cmn-law.com
kluther@cmn-law.com

6